UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WARING PARK,

   Plaintiff,

 v.

UNITED STATES,

   Defendant.

Case No. 18-cv-06621-SI

**ORDER DISMISSING SECOND AMENDED COMPLAINT WITHOUT LEAVE TO AMEND**

   Plaintiff Waring Park has filed this lawsuit *pro se* and has been granted leave to proceed in forma pauperis, without prepayment of the filing fees. *See* Docket No. 8. As the Court explained in a prior Order, *see id.* at 2, the statute that authorizes courts to allow lawsuits to proceed without prepayment of the filing fees also requires the Court to "dismiss the case at any time if the court determines that – . . . the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

   The Court reviewed plaintiff's two prior complaints under 28 U.S.C. § 1915(e)(2) and found that they failed to state a claim on which relief may be granted. *See* Docket Nos. 8, 12. The Court found that plaintiff failed to state a claim because he did not make clear what illegal action the United States (the only defendant in this case) took against him. Each time, the Court granted plaintiff the opportunity to amend his complaint, instructing that he must: "**(1) add concise, clear statements of the unlawful actions *by defendant*, including when these events happened and with enough detail to make plaintiff's claim *against defendant* plausible; AND (2) specifically identify the claims that plaintiff is bringing against defendant.**" *See* Docket No. 8 at 6; *see also* Docket No. 12 at 2 (ordering that: "**In his Second Amended Complaint, plaintiff must focus on the facts, rather than on legal argument. He must include <u>concise, clear statements of the</u>**

**unlawful actions that he alleges occurred, timelines for when these events happened, and information about who committed the acts.**").

The Court issued its most recent Order on January 16, 2019, dismissing plaintiff's Amended Complaint with leave to amend. Docket No. 12. The Court required plaintiff file his Second Amended Complaint by February 13, 2019. *Id.* at 3.

Since the Court's last Order, plaintiff has filed three documents. Docket Nos. 13, 15, 17. Taking all these documents together, and construing them as plaintiff's filing of a "Second Amended Complaint," the Court finds that plaintiff fails to state a claim for which relief can be granted. In reaching this conclusion, and for the purpose of evaluating the legal sufficiency of the Second Amended Complaint, the Court treats plaintiff's factual allegations as true.

The recent filings do not address the issues that the Court flagged in its prior Orders. Rather, they raise new facts that continue to lack sufficient detail to state a claim. Docket No. 13, entitled "INJUNCTION. FIRE Threat, Amendment 2," states that, "On Saturday afternoon, 5 January 2019, plaintiff was unexpectedly confronted with substantial cutting in the forest which later translated into plaintiff being surrounded by 'burn piles' intended to be lit at a later date." Docket No. 13 at 1. Yet plaintiff does not say anything about who created these burn piles or how their creation violated any law. Docket No. 15, entitled "Plaintiff Response to Order Dismissing Amended Complaint with Leave to Amend," states that plaintiff "is without means to comply with the 13 Feb. '19 deadline." Docket No. 15 at 1.

Docket No. 17, entitled, "PLAINTIFF AMENDMENT TO RESPONSE, DATED, 28 January 2019," states that plaintiff was in a

> 'bicycle crash' [that] was a 'hit-and-run' caused by defendant… [P]laintiff hit the pavement at between 40 and 50 m.p.h. The crash was intended to kill him. There were two immediately previous incidents by U.S. Government marked vehicles intended to knock plaintiff off his bicycle. In addition to the indicated injuries, plaintiff had a new shoulder done at UCSF.

Docket No. 17 at 1. Plaintiff attaches medical records "to verify medical issues" and "requests that the attached medical records be sealed[.]" Docket No. 17 at 1.[1] Plaintiff also states that

---

[1] The Court has filed the medical records on the docket but has locked them from public viewing. *See* Docket No. 17-1.

2

> The F.B.I. has evidence of a map photocopied, redrawn, and the photocopy re-copied and presented as the original official map indicating the location of the Ashland Watershed. Based on this information, plaintiff was assaulted, kidnapped, an attempted break-in to his VW was interrupted, and falsely accused of illegal drug involvement.

*Id.* at 2. As with his prior complaints, this filing does not include information about when these events happened nor does plaintiff give enough detail to make a claim against defendant plausible.

The Court has twice described the numerous deficiencies in plaintiff's complaints and explained why the Court cannot allow this case to move forward. Further leave to amend will not be granted because it would be futile; the Court already explained in its prior Orders what the plaintiff needed to do to fix his complaint. *See* Dkt. Nos. 8. 12. The Second Amended Complaint raises new facts but does not address the deficiencies the Court identified. For this reason, the Second Amended Complaint is DISMISSED for failure to state a claim on which relief can be granted, without leave to amend.

Plaintiff's previously filed request for appointment of counsel and his multiple requests for an injunction are DENIED. Both a motion for appointment of counsel and a motion for a preliminary injunction require the Court to consider the likelihood of success on the merits. *See Winter v. Natural Resources Defense Council*, 555 U.S. 7, 20 (2008); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). For the reasons explained above, the Court finds that plaintiff's lawsuit is unlikely to succeed.

## CONCLUSION

Plaintiff's Second Amended Complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2), without leave to amend. Plaintiff's request for appointment of counsel and for an injunction are DENIED. The Clerk is directed to close the file on this case.

**IT IS SO ORDERED**.

Dated: February 25, 2019

_____
SUSAN ILLSTON
United States District Judge

3