UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARING PARK,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>    Defendant. | Case No. 18-cv-06621-SI<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 20 |

On February 25, 2019, the Court issued an order dismissing plaintiff Waring Park's second amended complaint without leave to amend, and denying his requests for appointment of counsel and for an injunction. Docket No. 18. The Court issued judgment that same day. Docket No. 19.

Plaintiff has now filed a "Request for Reconsideration of Dismissal Order." Docket No. 20. In it, he states that he has met the requirements for notice pleading in federal court but that the Court is impermissibly attempting to impose code pleading requirements; that the Court has effectively violated plaintiff's First Amendment rights by denying him appointment of counsel; and that the Court has ignored justice in favor of managing its docket for financial gain.

After judgment has been entered in a case, a party may move for relief under Federal Rule of Civil Procedure 59 or 60. A motion for reconsideration under Rule 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc) (internal quotation marks and citation omitted). Rule 60(b) also allows the court to grant relief from a judgment or order for several listed circumstances or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

The Court does not find that any of the circumstances for altering or amending a judgment under Rule 59 or for granting relief from a judgment under Rule 60 apply here. Plaintiff's motion for reconsideration repeats arguments raised in his earlier papers and cites no newly discovered evidence or change of controlling law. Nor does the Court find that it committed clear error in dismissing plaintiff's action. The Court previously found that, after several opportunities to amend, plaintiff had failed to state a claim for relief because he failed to give enough detail to make a legal claim against the defendant United States plausible. *See* Docket No. 18. Plaintiff's recent filing does not provide grounds for the Court to alter its earlier finding.

For these reasons, plaintiff's motion for reconsideration is DENIED. This case remains closed.

**IT IS SO ORDERED**.

Dated: April 8, 2019

_____
SUSAN ILLSTON
United States District Judge